UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 1:21cv21833

**Julio C. Marrero, a citizen of the State of Florida,**

    **Plaintiff**

vs.

**Edgefield Holdings, LLC, a Delaware limited liability company, John R. Sprague, a citizen of the State of South Carolina, Rustown Homes, Inc., a Texas corporation, and Michael B. Saraceno, Jr., a citizen of the State of Pennsylvania**

    **Defendants**
_____/

COMPLAINT
TO RECOVER DAMAGES AND OTHER RELIEF

**Plaintiff, Julio C. Marrero, a citizen of the State of Florida**, by and through undersigned counsel, files this **Complaint to Recover Damages and Other Relief** (the "Complaint"), directed against **Defendants' Edgefield Holdings, LLC, a Delaware limited liability company (as to Counts I, II, and III, seeking declaratory relief and damages), and directed against John R. Sprague a citizen of the State of South Carolina, Rustown Homes, Inc., a Texas corporation, and Michael B. Saraceno, Jr. a citizen of the State of Pennsylvania (as to Count III only, seeking declaratory relief only, and *not* seeking damages),** and alleges in support thereof as follows:

## I.     PROCEDURAL BACKGROUND

### A.     *Parties*

2. The **Plaintiff Julio C. Marrero** ("Marrero"), is, and at all times material was, a resident of Miami-Dade County, and a citizen of the State of Florida.

3. The **Defendant Edgefield Holdings, LLC, a Delaware limited liability company** ("Edgefield"), is, and at all times material was, a Delaware limited liability company, with its principal place of business in Delaware, and, furthermore, Edgefield's sole member, Daniel R. Gower, is a citizen of the State of Georgia.[1]

4. The **Defendant John R. Sprague** ("Sprague"), is, and at all times material was, a resident of the State of South Carolina, and a citizen of the State of South Carolina.[2]

5. The **Defendant Rustown Homes, Inc., a Texas corporation** ("Rustown Homes"), is, and at all times material was, a Texas corporation, with its state of incorporation and principal place of business being in Texas, and is a citizen of the State of Texas.[3]

6. The **Defendant Michael B. Saraceno, Jr.,** ("Saraceno"), is, and at all times material was, a resident of the State of Pennsylvania, and a citizen of the State of Pennsylvania.

---

[1] *See Quest Systems, LLC, v. Deutsche Bank National Trust Company*, 8:21-CV-623-VMC-CPT, 2021 WL 1733309, at *1 (M.D. Fla. May 3, 2021) ("[A] limited liability company [('LLC')] is a citizen of any state of which a member of the company is a citizen.") (*Citing Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004).

[2] *See Quest Systems, LLC*, at *1 ("When jurisdiction is premised upon diversity of citizenship, 28 U.S.C. § 1332(a) requires, among other things, that the parties be 'citizens of different States.'") (*Citing Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004).

[3] *See Id*. ("A corporation's citizenship is determined by its state of incorporation and its principal place of business.") (*Citing Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004).

     **B.** *<u>Jurisdiction</u>*

7. The United States District Court for the Southern District of Florida has jurisdiction over this action pursuant to 28 U.S.C. § 1332. Pursuant to that section, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between...citizens of different States." *See* 28 U.S.C. § 1332(a).[4]

8. Further, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C § 1367.

     **C.** *<u>Venue</u>*

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2), because this United States District Court for the Southern District of Florida, Miami Division, is the "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated". *See* 28 U.S.C. § 1391(b)(2).

## II.    FACTUAL ALLEGATIONS

10. On May 10, 2021, the Defendant Edgefield published an unrecorded Assignment of Judgments and Loan Documents (the "<u>Assignment</u>"), making the publication in Miami-Dade County, Florida. ***See* Exhibit "1".**

---

[4] This is an independent cause of action *not removed* from any pending state court action, such that diversity is *not* being applied from a case that has been removed to Federal Court, from state court. *See Id*. ("When a defendant removes an action to federal court on diversity grounds, a court must remand the matter to state court if complete diversity is lacking between the parties[.]" *CSDVRS, LLC v. Purple Commc'ns, Inc.*, 979 F. Supp. 2d 1302, 1305 (M.D. Fla. 2013). "[A]ll doubts about the propriety of removal should be resolved in favor of remand." *King v. Gov't Emps. Ins. Co.*, 579 F. App'x 796, 800 (11th Cir. 2014). The removing party "bears the burden of proving that federal jurisdiction exists.")

11. The Assignment purports to be made by, "Truist Bank, formerly known as Branch Banking and Trust Company, a North Carolina corporation" ("Truist-BBT"), and purports to be in favor of the Defendant Edgefield. *See* Assignment, p. 1.

12. The Assignment is not recorded in the Public Records of Miami-Dade County.

13. The Assignment is not verified, sworn to, or accompanied by any affidavit attesting to its authenticity as being made by any individual with personal knowledge.

14. The Assignment is not accompanied by any publication, filing, recorded document, or certificate evidencing that Branch Banking and Trust Company is now known as Truist Bank.[5]

15. The Assignment is made by Truist-BBT, "without recourse or representation or warranty, express, implied or by operation of law, of any kind and nature whatsoever." *See* Assignment, p. 1.

16. The Assignment only assigns the "documents and rights" of Branch Banking and Trust Company, to the extent any such "documents and rights" even exist. *See* Assignment, p. 1.

17. The Assignment only assigns the "documents and rights" of Branch Banking and Trust Company, to the extent defined in a "Purchase Agreement" neither affixed to or otherwise defined in the Assignment (the "PSA"), to the extent any such "documents and rights" even exist in that PSA. *See* Assignment, p. 1.

18. The Assignment exhibits numerous judgments and loan documents purportedly assigned, for various borrowers, guarantors, and obligors, across the United States, including but

---

[5] *See Brandenburg v. Residential Credit Sols., Inc.*, 137 So. 3d 604, 605–06 (Fla. 4th DCA 2014) (Filing of "certificate showing that Ohio Savings Bank had changed its name to Amtrust" required under Florida law for assignment to bestow standing.)

not limited to Defendants Sprague (as to South Carolina), Rustown Homes (as to Texas), Saraceno (as to Pennsylvania), and the Plaintiff (as to Florida). *See* Assignment, pp. 2-8.

19. As to Defendant Sprague, the subject "documents and rights" pertained to account number ending in 1760016, in case number 2011-CP-25-118, pending in the County of Hampton South Carolina (the "Sprague Assignment").

20. As to Defendant Rustown Homes, the subject "documents and rights" pertained to account number ending in 86150, in case number DC-09-00063-B, pending in the County of Dallas, Texas (the "Rustown Homes Assignment").

21. As to Defendant Saraceno, the subject "documents and rights" pertained to account number ending in 93190, in case number 2011-N-846, pending in the County of Lehigh, Pennsylvania (the "Saraceno Assignment").

22. As to the Plaintiff, the subject "documents and rights" pertained to account number ending in 160001, in case number 10-8134-CA-03, pending in the Miami-Dade County, Florida. (the "Marrero Assignment").

23. As to the Marrero Assignment, the Assignment falsely publishes that "Loan Documents" were assigned, because Branch Banking and Trust Company surrendered and cancelled *all* of the subject loan documents comprising any and all loans involving the Plaintiff (the "Cancelled Loan Documents"). *See* **Exhibit "2"** attached hereto.

24. Further, as to the Marrero Assignment, the Assignment falsely publishes that a valid guaranty judgment was assigned, or that any valid guaranty judgment exists, because Branch Banking and Trust Company affirmatively, voluntarily, and irrevocably waived any and all entitlement to any guaranty judgment, rendering any guaranty judgment unenforceable, when it

intentionally failed to seek amendment thereof prior to the absolute 1-year limitation period to do so.

25. Edgefield is not the holder in due course of any guaranty judgment pertaining to the Marrero Assignment.[6]

26. The same infirmities and defects which plague the Marrero Assignment, including but not limited to the same false publications and failure to assign any valid and/or enforceable judgments and loan documents, are also applicable to the Sprague Assignment, the Rustown Homes Assignment, and the Saraceno Assignment.

**COUNT I**
**Declaratory Action Pursuant to the**
**Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*.**
**(*Directed Against Edgefield, Sprague, Rustown Homes, and Saraceno*)**

27. The Plaintiff re-alleges paragraphs 1 through 26, as if fully set forth herein and further allege the following.

28. This is an action under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*. (the "Declaratory Judgment Act"), in the district court, seeking a declaration of rights as to the Assignment, including the Sprague Assignment, the Rustown Homes Assignment, and the Saraceno Assignment, that:

    a. **The Assignment to Edgefield makes no assignment of any existing rights.;**

    b. **The Assignment to Edgefield makes no assignment of any valid and enforceable loan documents.;**

    c. **The Assignment to Edgefield makes no assignment of any valid and enforceable judgments.;**

---

[6] To be a holder in due course an assignee must "take the instrument", in "good faith", and, "without notice that any party has a defense or claim in recoupment described in s. 673.3051(1)". *See* § 673.3021(b), *Fla Stat.*

      **d.**      **Even if recorded in the public records, the Assignment to Edgefield would still make no assignment of any existing rights, enforceable loan documents, and/or enforceable judgments.;**

      **e.**      **Even if verified, sworn to, or accompanied by any affidavit attesting to its authenticity as being made by any individual with personal knowledge, the Assignment to Edgefield would still make no assignment of any existing rights, enforceable loan documents, and/or enforceable judgments.;**

      **f.**      **Even if accompanied by any publication, filing, recorded document, or certificate evidencing that Branch Banking and Trust Company is now known as Truist Bank, the Assignment to Edgefield would still make no assignment of any existing rights, enforceable loan documents, and/or enforceable judgments.;**

      **g.**      **Even if the Assignment was made by Truist-BBT, *with* recourse or representation or warranty, express, implied or by operation of law, of any kind and nature whatsoever, the Assignment to Edgefield would still make no assignment of any existing rights, enforceable loan documents, and/or enforceable judgments.;**

      **h.**      **Even if the "Purchase Agreement" were affixed to or otherwise defined in the Assignment, the Assignment to Edgefield would still make no assignment of any existing rights, enforceable loan documents, and/or enforceable judgments.;**

      **i.**      **Edgefield holds no rights to assert with respect to the Assignment, including as to Sprague, Rustown Homes, Saraceno, and the Plaintiff.**

29.    There is no other suit pending involving the same parties, adjudication of the same facts, and adjudication of the same legal issues, as raised herein.[7]

---

[7] *See Employers Mut. Cas. Co. v. Kenny Hayes Custom Homes, LLC.,* 101 F. Supp. 3d 1186, 1190 (S.D. Ala. 2015) ("The Builders' assertion that the federal and state court proceedings are parallel, while supported by the fact that the parties involved in the case are the same, fails on account of the distinct factual questions involved in the federal and state proceedings. What exists here are not parallel state court proceedings, but merely related state court proceedings. *See Essex Ins. Co. v. Foley*, 2011 WL 290423, at *2 (S.D.Ala. Jan. 27, 2011). This lack of parallelism weighs strongly against this Court's dismissal of the declaratory judgment action. "In such circumstances, courts have shown marked reluctance to exercise their discretion to stay or dismiss the declaratory judgment action." *State Farm Fire & Cas. Co. v. Knight*, 2010 WL 551262, *3 (S.D.Ala. Feb. 11, 2010). Even if the Ameritas analysis were fully applicable in the absence of actual parallel litigation in state court, the Court finds dismissal or a stay is unwarranted here. While there are (or

Case 1:21-cv-21833-FAM   Document 1   Entered on FLSD Docket 05/14/2021   Page 8 of 12

30. There is no other suit pending which would involving the interpretation of South Carolina law, as to the Sprague Assignment, interpretation of Texas law, as to the Rustown Homes Assignment, and Pennsylvania law, as to the Saraceno Assignment.[8]

## COUNT II
### Fraud and Misrepresentation
### (*Directed Against Edgefield*)

31. The Plaintiff re-alleges paragraphs 1 through 26, as if fully set forth herein and further allege the following.

32. This is a count for common law fraud and misrepresentation, brought on behalf of Plaintiff, directed against Edgefield.

33. Edgefield has intentionally made misrepresentations and/or numerous omissions, concerning specific material facts, in undertaking a scheme to defraud, directed and intended to

---

may be) common facts between the two cases, the legal issues presented are entirely distinct. As such, the interests of federalism, comity and efficiency on which Wilton/Brillhart abstention are founded are not directly implicated here.") (*Internal citation omitted.*)

[8] *See Milford Cas. Ins. Co. v. Meeks*, 20-13500, 2021 WL 1593271, at *3 (11th Cir. Apr. 23, 2021) ("The district court held that the balance of the relevant factors weighed in favor of retaining jurisdiction over Milford's declaratory judgment action. This was not an abuse of discretion. To begin, it is undisputed that Kentucky law governs here because the Policy was issued and delivered in Kentucky. For that reason, we agree with the district court that factors one, five, eight, and nine weigh in favor of retaining jurisdiction. The Georgia Superior Court, where Meeks's state action is pending, has no stronger interest in interpreting Kentucky law than does the federal court. Neither is the Georgia Superior Court better positioned to evaluate Kentucky law and apply it to the facts of this case. Meeks's arguments do not show the district court abused its discretion. Meeks says the fourth factor weighs in favor of declining jurisdiction because Milford's declaratory judgment action is "being used to provide an arena for a race for res judicata in a case not otherwise removable" and points to the fact that Milford recognized the res judicata effect the federal decision would have. He also argues that the state court is more familiar with the facts and thus better able to evaluate them, making factors seven and eight weigh in his favor. However, even if we were to agree with Meeks that some factors weigh in favor of declining jurisdiction, that would not lead us to conclude the district court abused its discretion. As noted above, we think factors one, five, eight, and nine weigh in favor of retaining jurisdiction. And the district court adequately considered factors four and seven when reaching its decision. Therefore, the court neither "made a clear error of judgment" nor "applied the wrong legal standard.")

8 of 12

harm the Plaintiff (and also directed to and harming the Defendants Sprague, Rustown Homes, and Saraceno), including but not limited to:

    a.    **Intentionally making misrepresentations and/or omissions that the Assignment to Edgefield makes a valid assignment of existing rights.;**

    b.    **Intentionally making misrepresentations and/or omissions that the Assignment to Edgefield makes an assignment of valid and enforceable loan documents.;**

    c.    **Intentionally making misrepresentations and/or omissions that the Assignment to Edgefield makes an assignment of valid and enforceable judgments.;**

    d.    **Intentionally making misrepresentations and/or omissions that Edgefield holds rights to assert with respect to the Assignment, including as to Sprague, Rustown Homes, Saraceno, and the Plaintiff, when Edgefield holds no such rights.**

34. The Assignment to Edgefield was not verified, sworn to, or accompanied by any affidavit attesting to it by any individual with personal knowledge, because no such verification, swearing to, or affidavit can be made *vis-à-vis* Edgefield's above intentional misrepresentations and/or numerous omissions, concerning specific material facts, in undertaking a scheme to defraud.

35. The Assignment to Edgefield was given without recourse or representation or warranty, express, implied or by operation of law, of any kind and nature whatsoever, because no such representations, warranties, express or implied can be made *vis-à-vis* Edgefield's above intentional misrepresentations and/or numerous omissions, concerning specific material facts, in undertaking a scheme to defraud.

36. Edgefield has specific knowledge that these misrepresentations are untrue.

37. Edgefield intended these misrepresentations to serve as the basis to seek financial information and documents, which are otherwise privileged and which Edgefield is not entitled to, from the Plaintiff.

38. Plaintiff has suffered damages exceeding $75,000.00, as a result of Edgefield's intentionally making misrepresentations and/or numerous omissions, concerning specific material facts, in undertaking a scheme to defraud, directed and intended to harm the Plaintiff (and also directed to and harming the Defendants Sprague, Rustown Homes, and Saraceno).

## COUNT III
### Defamation (Slander, Slander *Per Se*, Libel, and Libel *Per Se*)
(*Directed Against Edgefield*)

39. The Plaintiff re-alleges paragraphs 1 through 26, as if fully set forth herein and further allege the following.

40. This is a count for common law defamation (slander, slander *per se*, libel, and libel *per se*), brought on behalf of Plaintiff, directed against Edgefield.

41. Edgefield has intentionally published false statements to third parties, directed and intended to harm the Plaintiff (and also directed to and harming the Defendants Sprague, Rustown Homes, and Saraceno), including but not limited to:

    a. **Intentionally publishing the false statement that the Assignment to Edgefield makes a valid assignment of existing rights.;**

    b. **Intentionally publishing the false statement that the Assignment to Edgefield makes an assignment of valid and enforceable loan documents.;**

    c. **Intentionally publishing the false statement that the Assignment to Edgefield makes an assignment of valid and enforceable judgments.;**

    d. **Intentionally publishing the false statement that Edgefield holds rights to assert with respect to the Assignment, including as to Sprague, Rustown Homes, Saraceno, and the Plaintiff, when Edgefield holds no such rights.**

42. The Assignment to Edgefield was not verified, sworn to, or accompanied by any affidavit attesting to it by any individual with personal knowledge, because no such verification, swearing to, or affidavit can be made *vis-à-vis* Edgefield's above intentional misrepresentations and/or numerous omissions, concerning specific material facts, in undertaking a scheme to defraud.

43. The Assignment to Edgefield was given without recourse or representation or warranty, express, implied or by operation of law, of any kind and nature whatsoever, because no such representations, warranties, express or implied can be made *vis-à-vis* Edgefield's above intentional misrepresentations and/or numerous omissions, concerning specific material facts, in undertaking a scheme to defraud.

44. Edgefield has specific knowledge that these misrepresentations are untrue.

45. Plaintiff has suffered damages exceeding $75,000.00, as a result of Edgefield's intentionally publishing these false statements, intended to harm the Plaintiff (and also directed to and harming the Defendants Sprague, Rustown Homes, and Saraceno).

## **PRAYER FOR RELIEF**

**Plaintiffs request the following relief:**

    **a.    The declaratory relief described in Count I above, directed to the Defendants Edgefield, Sprague, Rustown Homes, and Saraceno.;**

    **b.    A jury trial and judgment against the Defendant Edgefield, as to Counts II and III.;**

    **c.    General, actual, and compensatory damages against the Defendant Edgefield, as to Counts II and III.;**

    **d.    The cost of suit, including reasonable attorneys' fees, and costs against the Defendant Edgefield, as to Counts II and III.;**

    **e.**    **Pre-judgment and post-judgment interest at the maximum rate permitted by applicable law against the Defendant Edgefield, as to Counts II and III.;** *and*

    **f.**    **Such other relief as the Court deems just and proper.**

<u>**DEMAND FOR JURY TRIAL**</u>

Plaintiff hereby demands a jury trial as to all claims so triable.

Respectfully submitted, this 14th day of May, 2021.

                                      By: /s/ Julio C. Marrero
                                      Julio C. Marrero, Esq.
                                      Florida Bar Number: 784664

**MARRERO, CHAMIZO, MARCER LAW, LP**
Attorney for the Plaintiff
3850 Bird Road, Penthouse One
Coral Gables, FL 33146
julio@marrerolawfirm.com
Telephone: (305) 446-0163
Facsimile: (305) 444-5538

By: /s/ Julio C. Marrero
Julio C. Marrero, Esq.
Florida Bar Number: 784664